LYDIA H. PETTINGILL *vs.* WARREN PORTER & otners.

In an action to recover damages for the obstruction of a way, by reason of which the plain-
tiff was compelled to use a difficult and inconvenient way to reach his house, evidence
that other persons in passing over the same had met with trouble and difficulty is incom
petent, to affect the question of damages.

If a way across, and requiring only a portion of, a parcel of land has been obstructed, and
the judge, in an action to recover damages therefor, leaves it to the jury to determine
where the way was, and instructs them that the plaintiff can only recover for obstructions
to so much as they shall find to be the actual way, no exception lies to his refusal to in-
struct them that the plaintiff cannot claim the whole parcel as a way.

If the original plaintiff in an action against several defendants is dead, and the suit is pros-
ecuted by his administrator, one of the defendants cannot be allowed to testify in behalf
of the others to facts which affect them alone.

A fence fronting on a highway and continued for more than twenty years is conclusive evi-
dence of the true boundary thereof, if the same is not known and cannot be made certain
by records or monuments.

The application of a general description of land in a deed to the subject matter intended to
be conveyed, and the determination of the question whether a particular piece of land is
included therein, when the boundaries are in dispute, are questions of fact for the jury.

Under a declaration setting forth an obstruction of a way appurtenant to a close, damages
may be recovered if the way is appurtenant to any part of the close.

If, in an action to recover damages for the obstruction of a way, there is a conflict of evi
dence as to its precise situation, the judge may properly leave it to the jury to say when
the way was, and whether it substantially corresponded with the description in the dec
laration; and if he does so, no exception lies to his refusal to instruct them that, if they
find it to be in the situation contended for by the defendants, the plaintiff cannot recover
because in that case the verdict would show greater rights in him than the evidence war
rants.

TORT to recover damages for the obstruction of a way, by erecting a fence across it. The action was originally brough by Moses Pettingill, and after his death was prosecuted by the plaintiff as his administratrix.

At the trial in the superior court, before *Putnam*, J., there was evidence tending to show that the land adjacent to the way was so situated as to make it inconvenient and difficult to be passe' over; and the plaintiff contended that this afforded the only means of reaching his house, except by removing fences and building a new road. And he was allowed to introduce evi dence, under objection, to show that various persons beside himself had met with trouble and difficulty in passing over the

same, and what happened on such occasions, for the purpose of affecting the question of damages.

The land inclosed by the fence complained of was triangular, being seventy feet upon Locust Street, in front of the plaintiff's land, by forty feet in breadth at one end ; and the defendants contended that the plaintiff could not claim a right of way over the whole of a parcel of land of such shape and size under his declaration, which, after setting forth his ownership of a parcel of land on Locust Street, with a dwelling house thereon, alleged simply a way leading from his dwelling house to a point on the street about seventy feet distant southerly from the southwesterly corner of his land, which he had a right to use as a foot and carriage-way ; and they requested the court so to rule, as matter of law. But the judge declined to do so, and left it to the jury to determine where the way was, over the triangular parcel, instructing them that the plaintiff could only recover for obstructions to so much as they should find to be the actual way.

One of the defendants was called by the others as a witness, and was allowed by the judge, under objection, to testify to any facts which could not operate in his own favor, but affected the other defendants only. The defendants asked that he should be allowed to testify generally, under instructions from the court that the jury should consider his evidence only as affecting the other defendants, but this was refused.

There was evidence tending to show that, before the erection of the fence complained of, the triangular piece of land had always been open to the highway, and that an old fence, which separated the same from the plaintiff's land, had stood there since 1807 ; and it became material to determine whether this piece of land was a part of the highway. The defendants requested the court to instruct the jury that if the old fence had fronted on the triangular piece for twenty years, and the triangular piece was during all that time open to the highway, and the boundaries of the highway were not known to the jury and could not be made certain by records or monuments, the old fence was to be taken to be the boundary of the same. But

the judge instructed the jury that a fence placed near a high-way is only *prima facie* evidence of the boundary; and if they found this to be a fence fronting on the highway, and the boundaries of the highway were not known to them and could not be made certain by records or monuments, they might find the old fence to be the boundary, but that it was not to be taken conclusively as such.

The defendants introduced in evidence certain deeds under which they claimed to own the triangular piece, if it was not a part of the highway; but these deeds did not refer in terms to the triangular piece, and the plaintiff denied that the boundaries therein mentioned included it; and the judge left it to the jury to determine as a question of fact whether it was covered by the deeds or not.

The defendants contended that the premises described in the plaintiff's writ contained lots of land to which the way claimed by him was never appurtenant, and requested the judge to rule that if this was so the plaintiff could not recover; but the judge declined so to rule, and instructed the jury that the plaintiff might recover damages for the obstruction of the way to such parts of the premises, if any, as it might be found appurtenant to.

There was evidence tending to show that the way alleged to be obstructed came out upon the street only about fifty feet southerly from the southwesterly corner of the plaintiff's land, instead of seventy feet, as alleged in the declaration. The defendants asked the court to rule that if this fact was proved the plaintiff could not recover, because, if he could recover, the verdict would show that he was entitled to cut off seventy feet of that part of the defendants' land by his way, which would be a much greater amount than the evidence would warrant; but the judge refused so to rule, and left it to the jury to determine where the way was, and whether it substantially corresponded with the description in the declaration.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. C. Perkins,* for the defendants.

*W. C. Endicott,* for the plaintiff.

CHAPMAN, J. The court are of opinion that the ruling admitting evidence of the trouble and difficulty which other persons besides the plaintiff met with, in going over the passage-way adjacent to that which was obstructed by the defendants, was erroneous. These several occurrences raised collateral issues, and the well established rules of evidence exclude them, for the reason that the opposite party has no notice as to them, and cannot be prepared to try them, and also that the introduction of such matter would render judicial trials interminable. To allow them to affect the question of damages is further objectionable because it might enable the plaintiff to recover damages for what occurred to strangers.

.2. The question was properly left to the jury to decide, where the way existed upon the triangular piece of land; for it was a question of fact.

3. The defendants have no cause of exception to the rulings respecting the testimony of the several defendants. It was erroneous to admit their testimony in the case, the original plaintiff having deceased, and the present plaintiff being his administratrix. The admissibility of parties depends wholly on the language of the Gen. Sts. *c.* 131, § 14. The language of the proviso is as follows: "Provided that where one of the parties to the original contract or cause of action is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." Whether the party plaintiff or the party defendant consists of one or more persons, is not made a ground of distinction. If the opposite party is dead or insane, the language of the statute apparently intends to leave the matter as it stood before. And the proviso is reasonable and just. If one party cannot testify by reason of insanity or death, the other party should not have the advantage of putting in his testimony. This rule also has the advantage of simplicity. To adopt the construction of the judge, and allow the defendants to testify for each other, but not for themselves, would give rise to a multitude of nice questions, and would often make it necessary to permit the jury to hear evidence affecting the witness

personally, but which the court must instruct them ought not to affect the case as to him.   It is difficult and sometimes impossible to prevent evidence thus received from influencing the minds of jurors, and injuring the opposite party.

A construction of the statute was adopted in the case of *Hayward.*v. *French*, 15 Gray,      , which aids us in the decision of this question. . That was an action brought against two surviving members of a firm, the third member being dead.   The defendants contended that because one member of their firm was dead, the plaintiff could not testify.   But the court held otherwise, because the phrase " one of the original parties to the contract" must be held to mean the legal party to the contract; and therefore all the members of the firm must be dead, to exclude the other party.   If this is the true meaning of the word " party," in respect to a joint contract of copartners, it must be the same in respect to a joint tort.   Many authorities might be cited to show that this is the common meaning of the word in legal instruments and proceedings.

4. The court ought to have given the instruction prayed for by the defendants as to the old fence, for the request was in conformity with the statute.   Gen. Sts. *c.* 46, § 1.   A statute boundary is established for the purpose of quieting disputes, in cases where the boundaries of highways cannot be ascertained by other evidence.

5. The court properly left it to the jury to decide whether the deeds offered by the defendants in evidence included the triangular piece.   We cannot see from the description whether they did or not.   Neither the westerly nor the southwesterly description of boundaries makes it apparent that this piece is included; but that fact must be determined by evidence showing to what points on the surface of the ground these descriptions apply. Thus it was a question of fact, and not a question of construction.

6. The court correctly ruled that the plaintiff could recover, under his declaration, for damages for obstructing the way to such parts of the premises, if any, as the way might be found appurtenant to, even if for less than the premises described in.

31 *

the writ. If there was any part of the tract to which the way was not appurtenant, it lay beyond the part to which the way was appurtenant; and therefore describing the whole tract in the declaration could not occasion a variance. *Whitney* v. *Lee,* 1 Allen, 198.

7. The judge properly left it to the jury to say, upon the whole evidence, where, upon the triangular piece, the way was, and whether it was substantially such a way as was described in the declaration; for this was a matter of fact dependent upon the evidence, and the request made to him was in substance to state to the jury an argument that might lead to results favorable to the defendant, rather than a principle of law.

*Exceptions sustained.*